**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

CRAIG MINENNA,                       )
                                     )
                    Petitioner,      )
v.                                   )        No. 1:07-cv-1410-DFH-TAB
                                     )
WENDY KNIGHT,                        )
                                     )
                    Respondent.      )


**Entry Discussing Petition for Writ of Habeas Corpus**

Craig Minenna ("Minenna"), an Indiana prisoner, was disciplined in a proceeding identified as No. IYC 07-08-0131 after being charged with and found guilty of violating an Indiana law IND. CODE § 35-45-2-2, which prohibits harassment. This finding was based on evidence that Minenna had written a letter to the victims of his current charges (molesting his eight-year-old step-child) and that the letter contained threatening and harassing comments referring to the fact that he was being released on September 4, 2007, and the mother of the child, to whom the letter was addressed, was going to lose more than he had during his incarceration. Minenna was interviewed and admitted he wrote and sent the letter to the victims.

Contending that the proceeding was constitutionally infirm, Minenna now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a).  A federal court may issue a writ of habeas corpus pursuant to § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive the inmate of good-time credits without ensuring that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). In these circumstances, Minenna was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

Under *Wolff* and *Hill,* Minenna received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Minenna was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of its findings, and (3) the conduct board issued a written reason for its decision and for the sanctions which were imposed. Minenna's claims otherwise are unavailing here.[1]

- Minenna's first claim is that he was denied a fundamental right because the conduct board refused to allow him to withdraw his guilty plea, which he had entered when he was provided with a copy of the charge and notified of his procedural rights in connection with it. However, beyond his assertion that a right to withdraw his guilty plea exists, Minenna provides no authority or reasoning for such a rule. Even in the far more formal setting of a criminal prosecution, this right has not been recognized.

- Minenna claims that he was prevented from exercising his right to present witnesses and documentary evidence because the conduct board refused to allow him to present "documentary evidence which showed that the rule violation that he was charged with could not be sustained because no protective order was in effect at the time the letter in question was written." There are two reasons why Minenna cannot prevail based on this claim. First, Minenna pled guilty during screening and did not request any witnesses or physical evidence, and an inmate cannot wait until the day of the hearing to request evidence. *Sweeney v. Parke,* 113 F.3d 716, 719-20 (7th Cir. 1997), *overruled on other grounds by White v. Ind. Parole Bd.,* 266 F.3d 759, 765-66 (7th Cir. 2001). Second, the document he states was not considered was a protective order which was not in effect at the time he sent the letter referenced in the conduct report. This information would not have been exculpatory, however, because the existence of a protective order is not an element of harassment under Indiana law. No due process violation occurs in this context when the requested evidence is denied, but would have been irrelevant, repetitive, or unnecessary. *Forbes v. Trigg,* 976 F.2d 308, 316 (7th Cir. 1992).

- Minenna's final claim is that he was denied the right to lay representation. This was not a situation, however, in which due process required a lay advocate, see *Miller v. Duckworth,* 963 F.2d 1002, 1004 (7th Cir. 1992) (reviewing the limited circumstances in which *Wolff* contemplates the need for a lay advocate--the inmate's illiteracy or the complexity of the case), and Minenna has identified no prejudice from whatever limitation, if any, occurred because a lay advocate was not assigned to his case.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action,

---

[1] Minenna has not replied to the respondent's return to order to show cause. The effect of this, pursuant to 28 U.S.C. § 2248, is that "[t]he allegations of . . . an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true."

and there was no constitutional infirmity in the proceeding which entitles Minenna to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

     So ordered.

_David F Hamilton_

_____

DAVID F. HAMILTON, Chief Judge
United States District Court

Date: __4/4/2008_____